DA 10-0655

FILED

October 4 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 248N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

MICHAEL LAW GOULD,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 10-152
Honorable Douglas G. Harkin, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Joslyn Hunt, Chief Appellate Defender; Jennifer A. Hurley, Assistant
Appellate Defender; Helena, Montana

      For Appellee:

            Steve Bullock, Montana Attorney General; John A. Paulson, Assistant
Attorney General; Helena, Montana

            Fred R. Van Valkenburg, Missoula County Attorney; Jason Marks,
Andrew Paul, Deputy County Attorneys; Missoula, Montana

Submitted on Briefs:  September 22, 2011

Decided:  October 4, 2011

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Michael Law Gould appeals from the judgment entered by the Fourth Judicial District Court, Missoula County, upon his conviction of the offense of aggravated assault, a felony, pursuant to § 45-5-202, MCA. Gould was charged for his role in striking Hillarie Cochran in the throat with an open hand and/or strangling her around her trachea below the jaw, causing her to be unable to breathe. The incident began when Cochran woke Gould while he was sleeping in Cochran's home, insisted that he leave and, according to Gould, began hitting Gould. Gould claims he acted "instinctively" based upon his training in martial arts and did not intend to seriously harm Cochran. Gould gave notice of the affirmative defense of justifiable use of force, and the case went to trial, following which the jury found Gould guilty.

¶3 Gould argues that the District Court erroneously instructed the jury with regard to the mental state element of aggravated assault. Under § 45-5-202, MCA, aggravated assault is committed "if the person . . . purposely or knowingly, with the use of physical force or contact, causes reasonable apprehension of serious bodily injury or death in another." Gould argues that because aggravated assault is a "result-based" crime—one

2

that criminalizes "the 'singular result' of causing reasonable apprehension of serious bodily injury or death in another"—the jury should have been instructed to apply the result-based definition of purposely and knowingly. The result-based definition of purposely or knowingly is that a person acts purposely when it is his conscious object to cause that result, or that he acts knowingly when he is aware that it is highly probable that the result will be caused by his conduct. *See* §§ 45-2-101(35) and (65), MCA. However, the District Court gave conduct-based definitions of purposely and knowingly, which were offered by the State. Gould did not object to these instructions and did not offer an alternative instruction. Thus, he asks for plain error review or, alternatively, that this issue be reviewed as a claim for ineffective assistance of his trial counsel.

¶4   The State urges that we decline to exercise plain error review or undertake consideration of Gould's ineffective assistance of counsel claim on appeal because the jury was properly instructed. The State argues that a defendant who relies upon the defense of justifiable use of force concedes he acted purposely or knowingly, and the State cites several of our cases that reached this conclusion. Gould replies that the cases do not so hold as a general proposition but merely hold that a defendant's particular factual theory underlying his defense of justifiable use of force may admit the mental state element and that, here, Gould's defense did not do so.

¶5   Plain error review is discretionary and invoked sparingly, "only in situations that implicate a defendant's fundamental constitutional rights when failing to review the alleged error may result in a manifest miscarriage of justice, leave unsettled the question

of the fundamental fairness of the proceedings, or compromise the integrity of the judicial process." *State v. Thorp*, 2010 MT 92, ¶ 23, 356 Mont. 150, 231 P.3d 1096. To obtain plain error review, the appealing party must demonstrate that the claimed error implicates a fundamental right and "firmly convince" this Court that failure to review the claimed error would result in one of the situations outlined above. *State v. Main*, 2011 MT 123, ¶ 53, 360 Mont. 470, 255 P.3d 1240 (citing *State v. Norman*, 2010 MT 253, ¶ 17, 358 Mont. 252, 244 P.3d 737).

¶6 We conclude that this case is not appropriate for plain error review and that Gould's claim of ineffective assistance of counsel is better suited for postconviction proceedings. *See State v. Rovin*, 2009 MT 16, ¶ 34, 349 Mont. 57, 201 P.3d 780. We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Having reviewed the briefs and the record on appeal, we conclude that the appellant has not met his burden of persuasion or demonstrated reversible error.

¶7 Affirmed.

/S/ JIM RICE

We concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ BETH BAKER