DA 13-0128

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 276N

MICHAEL LAW GOULD,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-12-1
Honorable Karen Townsend, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Michael Law Gould, self-represented, Deer Lodge, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; C. Mark Fowler, Assistant
Attorney General, Helena, Montana

          Fred R. Van Valkenburg, Missoula County Attorney, Missoula, Montana

Submitted on Briefs:  September 5, 2013
Decided:  September 24, 2013

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Michael Gould (Gould) appeals the order of the Fourth Judicial District Court, Missoula County, that denied his petition for post-conviction relief. We affirm.

¶3 The State of Montana (State) charged Gould with aggravated assault pursuant to § 45-5-202, MCA, in Missoula County. On January 1, 2010, Hillarie Cochran (Cochran) found Gould, a friend, sleeping on her couch. She woke Gould. Gould struck Cochran in the throat with an open hand and/or strangled her around her trachea below the jaw thereby preventing Cochran from breathing. Gould claimed that Cochran was hitting him and he defended himself "instinctively" due to his training in martial arts. He stated that he did not actually intend to harm Cochran.

¶4 The case went to trial where Gould gave notice of the affirmative defense of justifiable use of force. A jury found Gould guilty of aggravated assault. Gould appealed that verdict. He claimed that the District Court erroneously instructed the jury with regard to the mental state element of aggravated assault. He alleged that in its jury instructions the District Court should have given the jury result-based definitions for "purposely or knowingly." The District Court instead gave conduct-based definitions of "purposely or knowingly." The instructions stated that a person acts "purposely" "when it is the person's

conscious object to engage in conduct of that nature." The instructions stated that a person acts "knowingly" "when the person is aware of his or her conduct." Gould did not object to these jury instructions and he did not offer alternative instructions. We rejected Gould's claim for plain error review, or in the alternative, ineffective assistance of trial counsel. *State v. Gould*, 2011 MT 248N, 363 Mont. 413.

¶5 Gould timely filed a pro se petition for post-conviction relief on January 3, 2012. The District Court appointed counsel for Gould. The District Court denied Gould's petition for post-conviction relief on January 28, 2013, after Gould's counsel stipulated that an evidentiary hearing was unnecessary. Gould filed a pro se motion for rehearing on February 4, 2013. Gould filed a notice of appeal on February 14, 2013, before the post-conviction relief court had an opportunity to rule on Gould's rehearing motion. Counsel Colin Stephens filed a supplemental briefing on Gould's pro se motion for rehearing on February 25, 2013.

¶6 Gould argues on appeal that his trial counsel's failure to object to the jury instructions given at trial constituted ineffective assistance of counsel. The State counters that Gould had asserted justifiable use of force as a defense and by this claim admitted that he had acted purposely and knowingly. The State contends the only question was whether the force exerted by Gould had been justifiable.

¶7 We review a district court's denial of a petition for post-conviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Sanchez v. State,* 2012 MT 191, ¶ 12, 366 Mont. 132, 285 P.3d 540. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal

3

Operating Rules, as amended in 2006, that provides for memorandum opinions. The District Court properly denied Gould's petition for post-conviction relief.

¶8      Affirmed.

/S/ BRIAN MORRIS

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BETH BAKER